**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARTIN JACINTO FACIO,

     Petitioner,

v.                                  No. 2:26-cv-02244-DHU-JMR

DORA CASTRO, Warden Of Otero County
Processing Center,

     Respondent.

## <u>ORDER DISMISSING DUPLICATE HABEAS FILING</u>

THIS MATTER is before the Court on Petitioner Martin Jacinto Facio's duplicate 28 U.S.C. § 2241 habeas filing. Petitioner is an immigration detainee at the Otero County Processing Center in Chaparral, New Mexico, and is proceeding *pro se* in this case. *See generally* Doc. 1. He alleges his detention violates due process principles. *Id.* at 6-7. Petitioner has already filed a 28 U.S.C. § 2241 Petition in this Court ("Petition"). *See* Doc. 1 in 2:26-cv-00956-DHU-JMR. On July 2, 2026, the Court appointed the Federal Public Defender's Office to represent Petitioner in that matter. Doc. 10 in 2:26-cv-00956-DHU-JMR. On July 31, 2026, the Court granted the Petition in 2:26-cv-00956-DHU-JMR and ordered Petitioner's immediate release. Doc. 18 in 2:26-cv-00956-DHU-JMR. The Court is awaiting Respondents' confirmation of release in 2:26-cv-00956-DHU-JMR and the matter, therefore, remains pending.

When a petitioner files multiple § 2241 habeas petitions, the later-filed cases generally proceed in one of two ways. If the first § 2241 case is still pending, the later-filed petition is generally dismissed as duplicative and without prejudice. *See, e.g., Horbenko v. Lyons,* 26-cv-00751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-01060-MIS-GBW (same); *Izquierdo v.*

*Warden*, 26-cv-1117-SMD-JHR (same). The petitioner is then free to continue prosecuting claims in the existing § 2241 case. *Id.* If, however, the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ. *See Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing § 2241 immigration petition based on the abuse of the writ doctrine); *Garza Gutierrez v. Department of Homeland Security*, 2026 WL 788077, at *1 (W.D. Wis. Mar. 20, 2026) (issuing a warning regarding abuse of the writ). The "abuse of the writ" doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Stanko v. Davis,* 617 F.3d 1262, 1268 (10th Cir. 2010) (discussing the differences between the statutory bar and the abuse of the writ doctrine).

Here, because Petitioner's prior case is pending and final judgment has not been entered, the Court will dismiss this duplicate § 2241 case. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("District Courts have discretion to control their dockets by dismissing duplicative cases."); *McNeese v. Anderson*, 2025 WL 2673993, at *2 (10th Cir. Sept. 18, 2025) (affirming "district court's dismissal of a case as … duplicative" and noting that courts are "accorded a great deal of latitude and discretion" in such matters).

**IT IS THEREFORE ORDERED** that the above-captioned 28 U.S.C. § 2241 action is **DISMISSED WITHOUT PREJUDICE AS DUPLICATIVE**. The Court will enter a separate judgment closing this civil habeas case.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

2